YELLOW MANUFACTURING ACCEPTANCE CORPORATION and another, Respondents, vs. BRITZ and another, Appellants.

*December 8, 1955—January 10, 1956.*

For the appellants there were briefs and oral argument by *Ken Traeger* of Gresham.

For the respondent Yellow Manufacturing Acceptance Corporation there was a brief by *Adolph I. Mandelker,* attorney, and *John H. Wessel* of counsel, both of Milwaukee, and oral argument by *Mr. Wessel.*

For the respondent American Insurance Company there was a brief by *Nicholas M. Inzeo,* attorney, and *Richard S. Hippenmeyer* of counsel, both of Waukesha, and oral argument by *Mr. Hippenmeyer.*

FAIRCHILD, C. J. Respondent pleads the ownership of the contract which was assigned to it, and that there is presently due thereon the amounts for which he seeks a judgment. Appellant George P. Britz, Sr., in his answer, among other denials, alleges "that he did not enter into the said contract." This outlines the issue and is the basis for the determination of who are necessary parties to the controversy. No one appears to have an interest in the controversy adverse to the respondent other than the appellant George P. Britz, Sr. Sec. 260.11, Stats.

In the hearing on the order to show cause, there was presented an insurance policy against theft issued on the truck described in the conditional sales contract referred to in the statement of facts. That policy was written in favor of George P. Britz, Jr., and is relied upon as a reason for making the American Insurance Company of Newark, New Jersey, a party. The action is not one in replevin, but for the money due upon the contract. The court below, in ruling on the motions, recognized the general rule that a judgment in the pending case would not conclude anyone's right to maintain an independent action based on questions arising under that policy. The action now before us is one in which the liability of George P. Britz, Sr., on the contract, signed by him, will be determined. The question of what has become of the truck and of any liability to anyone on the insurance policy is foreign to the issue, and no other person is a necessary party to a final determination than George P. Britz, Sr. We are not called upon to treat with a discretionary order affecting proper parties. George P. Britz, Jr., has been made a party

defendant. We are dealing with the question of parties necessary to the determination of the controversy. The petition was properly denied.

*By the Court.*—The order is affirmed, and cause remanded for further proceedings according to law.